## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

CONSEJO DE SALUD DE PUERTO RICO, INC., doing business under its trade name Med Centro, Eduardo Martinez-Tull, Víctor Montalvo-Martell,

Plaintiffs,

Vs

UNITED STATES OF AMERICA, ALEX M. AZAR, in his official capacity of the Department of Health and Human Services,

Defendants.

CIVIL NO. 18-cv-1045 (ADC)

## MOTION TO CONSOLIDATE

**TO THE HONORABLE COURT**:

Plaintiffs CONSEJO DE SALUD DE PUERTO RICO, INC. ("Med Centro") and Eduardo Martinez-Tull, Víctor Montalvo-Martell, for themselves and on behalf of others similarly situated (or collectively ("Plaintiffs"), by and through their attorney, and most respectfully STATE, ALLEGE AND PRAY:

1.     The claims brought forth in this case were originally raised in <u>Consejo de Salud de la de la Comunidad de la Playa Ponce, Inc.[1] v. Rodriguez Mercado, in his capacity as Secretary of Health for the Commonwealth of Puerto Rico</u>, 06-cv-1260 (GAG).  This case was settled in 2011 but the Court has retained enforcement jurisdiction to this day.

---

[1]Plaintiff has since changed its corporate name to Consejo de Salud de Puerto Rico, Inc. as stated in this complaint.

2.      In case 06-1260 plaintiff sought supplementary Medicaid payments pursuant to 42 U.S.C. §1396a(bb)(5).

3.      In a Medicaid managed care system, such as Puerto Rico's Health reform ("Mi Salud"), the State Medicaid agency contracts with managed care organizations ("MCOs") to arrange the delivery of health care services to Medicaid patients.  Federal law requires states to pay Federally Qualified Health Centers (FQHCs) a supplemental or wraparound payment to make up the difference between what the MCO is paying the FQHC and what the FQHC is entitled to via the detailed Medicaid required methodology.  42 U.S.C. §1396a(bb)(5)(A).

4.      Pursuant to the settlement agreement in 06-1260 the Commonwealth of Puerto Rico pays Med Centro millions of dollars on a yearly basis in order to comply with federal law.

5.      The Commonwealth of Puerto Rico has repeatedly argued in 06-1260 that its obligation to comply with all Medicaid requirements as if it were a State is significantly hindered by Congress' disparate treatment in finding.

6.      Therefore, on May 18, 2017, D. 1366 at 06-1260, Med Centro raised the issue that disparate funding violates the Equal Protection Clause of the Fifth Amendment. The Commonwealth joined Med Centro's claim and the matter was certified to the Attorney General of the United States.

7.    The United States raised procedural challenges to Med Centro's claims.  Among others, the United States argued that these constitutional challenges should have been raised in a new complaint.

8.    Out of abundance of caution and to preclude the possibility that the matter be dismissed on procedural grounds after its merits have been exhaustively litigated, Med Centro filed the instant complaint.

9.    The resolution of this case will have a direct impact on the judgment issued in 06-1260. That is, the Commonwealth's future compliance with its wraparound obligations in light of Congress' continued discriminatory practices in Medicaid funding.

10.   Perhaps most importantly, the constitutional challenge raised in this case is still pending before the Court in 06-1260.  The consolidation of both cases will prevent the possibility of two incompatible decisions made by two different district judges in this Court.  Furthermore, the United States and the Commonwealth are already subject to the Court's jurisdiction in 06-1260. The Commonwealth, however, is not a party in 18-cv-1045.

11.   For the reasons set forth herein, Med Centro respectfully requests that this case be consolidated with 06-cv-1260. The Court in 06-1260 has seen first hand the effects of disparate funding disparity in Medicaid since 2006 and is familiar with the extensive record in the case.  The Court also published an opinion addressing Puerto Rico's disparate treatment in Medicaid in 06-1260. See also: <u>Consejo de Salud de la</u>

Comunidad de la Playa de Ponce v. Rullan, Secretary of Health of the Commonwealth of Puerto Rico, 586 F. Supp. 2d 22 (D. Puerto Rico 2008).

12. Since both cases involve common questions of law and fact, Med Centro respectfully requests that this case be consolidated with 06-cv-1260 pursuant to Fed. R. Civ. P. 42(a).

WHEREFORE, we respectfully pray from the honorable Court to GRANT this motion and, accordingly, order the consolidation of civil cases 6-1260 and 18-1045.

I HEREBY CERTIFY that, on this same date, the undersigned attorney filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for all parties in this action. A copy of this Notice was also sent via first class mail to the Hon. Alex M. Azar, Department of Health and Human Services, 200 Independence Avenue, SW, Washington DC 20201, Hon. Jeff Sessions, Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue NW, Washington DC 20530-0001 and USA Rosa E. Rodriguez, Torre Chardón Ste. 1201, 350 Carlos Chardón Avenue, San Juan, Puerto Rico 00918.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, February 5, 2018.

Consejo de Salud de Puerto Rico, Inc., et. al. v. United States             *Motion to Consolidate*
of America, et. al., 18cv-1045 (ADC)

**s/ Ignacio Fernández de Lahongrais**
IGNACIO FERNANDEZ DE LAHONGRAIS
USDC - PR 211603
Capital Center Sur, Suite 202
Avenida Arterial Hostos #239
San Juan, Puerto Rico 00918-1475
Tel. 787-923-5789
ignacio@bufetefernandezalcaraz.com

-5-