THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CONSEJO DE SALUD DE PUERTO RICO, INC., *et al*,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al*.,<br><br>Defendant. | Civil No. 18-cv-1045 (GAG) |

### REQUEST FOR LEAVE TO PARTICIPATE
### IN THIS CASE AS *AMICUS CURIAE* "PLUS"

TO THE HONORABLE COURT:

COMES NOW movant, the HON. JENNIFER GONZALEZ-COLON, in her official capacity as RESIDENT COMMISSIONER OF PUERTO RICO, represented by the undersigned attorney, and respectfully move this Court for leave to participate as *amicus curiae* "plus" and to file a brief in support of Plaintiff's request for declaratory judgment. In support thereof, the Resident Commissioner states and alleges as follows:

1. An *amicus* is not a party and "does not represent the parties but participates only for the benefit of the court." *Resort Timeshare Resales, Inc. v. Stuart*, 764 F.Supp. 1495, 1500 (S.D.Fla.1991) (quoting *News and Sun–Sentinel Co. v. Cox*, 700 F.Supp. 30, 31 (S.D.Fla.1988)).

2. Federal Rule of Appellate Procedure 29 and Supreme Court Rule 37 expressly regulate the filing of *amicus curiae* briefs. However, the Federal Rules of Civil Procedure are silent as to the conditions under which a trial court should permit *amicus* appearances and the restrictions, if any, that should attend its appearance. *Resort Timeshare*, 764 F.Supp. at 1500–01.

3.  The district court retains "the inherent authority" to appoint *amicus curiae* "to assist it in a proceeding." *Id*. at 1500; *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F.Supp.2d 305, 308 (D.Me.2003); *United States v. Michigan*, 116 F.R.D. 655, 660 (W.D.Mich.1987); *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir.1982). Furthermore, the Court has discretion to determine "the fact, extent, and the manner of participation by the amicus." *Alliance of Auto. Mfrs.*, 297 F.Supp.2d at 307.

4.  Commonly, *amicus* status is granted only when there is an issue of general public interest, the *amicus* provides supplemental assistance to existing counsel, or the *amicus* insures a "complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974).

5.  The appearing party is the Resident Commissioner for Puerto Rico and, as such, a Member of the United States Congress.

6.  As Resident Commissioner, the movant has long had an interest in the improvement of health care for the most vulnerable: the old, the poor and children and has strongly supported equal rights and obligations in Medicaid, Medicare and Children's Health Insurance Program (CHIP) for United States citizens residing in Puerto Rico. The interest of the Resident Commissioner in this litigation, thus, is more than a passing fancy.

7.  Substantial sums of federal money are expended annually in mental health care under the Medicaid program, 42 U.S.C. §1396 *et seq*., the Medicare program, 42 U.S.C. § 1396 *et seq*., and CHIP, 42 U.S.C. § 2681 *et seq*. As a non-voting Member of Congress and the representative of the resident of Puerto Rico before the federal government, the movant can provide a unique perspective on the constitutional, moral, and economic injustices created by the democratic deficit that exists in the US - Puerto Rico relationship and which perpetuates the

Case 3:18-cv-01045-GAG   Document 27   Filed 06/11/18   Page 3 of 4

discriminatory treatment of United States citizens in Puerto Rico in Medicare, Medicaid and CHIP.

8. This case involves issues of wide and general public importance to the nation and particularly to United States citizens in Puerto Rico, who are represented by their sole representative in Congress.

9. In light thereof, the Resident Commissioner moves this Court for leave to appear in this case as amicus curiae, with "plus" status. [1]

WHEREFORE, the HON. JENNIFER GONZALEZ-COLON, in her official capacity as RESIDENT COMMISSIONER OF PUERTO RICO, respectfully prays from this Honorable Court to GRANT movant's petition and, accordingly, order that the Resident Commissioner be accorded *amicus curiae* "plus" status in this matter. As such, that she be allowed to file memoranda and briefs on motions before the court, participate in oral arguments on dispositive motions, and in accordance with *Daggett v. Commission on Governmental Ethics and Election Practices,* 172 F.3d 104, 112 (1st Cir.1999), present those facts within her preview to aid the Court in its determination.

RESPECTFULLY SUBMITTED.

It is hereby certified that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties who have made an electronic appearance.

---

[1] *See Alliance of Automobile Manufacturers v. Gwadowsky*, 297 F. Supp. 2d 305 (D. Maine 2003),

- 4 -

In San Juan, Puerto Rico, on this 11th day of June, 2018.

s/ *Veronica Ferraiuoli Hornedo*
Veronica Ferraiuoli Hornedo
USDC-PR 213814
Legal Counsel to
HON. JENNIFFER GONZALEZ-COLON
Member of Congress

OFFICE OF THE RESIDENT COMMISSIONER
🌐 1529 Longworth House Office Building
Washington, DC 20515
✉ P.O. Box 9023958
San Juan, PR 00902-3958
☎ 202-225-2615   787.723-6333
💻 Veronica.Ferraiuoli@mail.house.gov
