# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**CONSEJO DE SALUD DE PUERTO RICO, INC., et al.**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA, et al.,**

**Defendants.**

**CIVIL NO. 18-1045 (GAG)**

## OPINION & ORDER

The Commonwealth of Puerto Rico once more brings a Spending Clause challenge to the discriminatory territorial Medicaid cap imposed by Congress. A decade ago the Court held that the Spending Clause applied to the territory. Consejo de Salud Playa de Ponce v. Rullán, 586 F. Supp. 2d 22 (D.P.R. 2008); Consejo de Salud Playa Ponce v. Rullán, 593 F. Supp. 2d 386 (D.P.R. 2009). However, before the Court could effectively entertain the merits of whether the federal statue violated the constitutional provision, the Commonwealth withdrew its claim. This, in light of the fact that in 2009 Congress granted additional territorial Medicaid monies. Consejo de Salud Playa de Ponce v. Sec'y of Health of Puerto Rico, 705 F. Supp. 2d 163 (D.P.R. 2010).

As amply discussed in the Court's earlier opinions, the Commonwealth receives but a fraction of what the poorest State receives in Medicaid funding. To add insult to injury, the Commonwealth which is bankrupt, under the Medicaid statute is forced to make "wraparound" payments to its federally qualified health centers at a rate preposterously multiplicative to that of States. Following the passage of Hurricane María, and now, in light of the COVID-19 pandemic, Congress has provided the much-needed increased Medicaid funding in order to assist the more than

three million United States citizens living in the territory. Notwithstanding, the Commonwealth posits that these congressional assignments are temporary, therefore, the Spending Clause violation remains.

The parties devote much of their arguments to the constitutional status of Puerto Rico *vis-à-vis* the United States. It is unnecessary to address the same at this time. The Commonwealth, whether incorporated or unincorporated is nonetheless a territory. It is not the fifty first member of the Union within the constitutional definition of the term "State." Cf. United States v Maldonado-Burgos, 844 F. 3d 339 (1st Cir. 2018) (distinguishing commonwealth status from a legislative intent perspective). As such, the Commonwealth's assignment of Medicaid funds is the sole prerogative of Congress. That is, because constitutionally speaking, Congress is not legislating for one of the States, but rather, as to a territory.

Consequently, the United States' Motion for Summary Judgment (Docket No. 177) is **GRANTED**, while the Commonwealth's Motion for Summary Judgment (Docket No. 184) is **DENIED**. Judgment shall be entered accordingly.[1]

Notwithstanding the present ruling, the Court finds it important to make the following observations, hoping that these will not once again fall into deaf ears. Puerto Rico has been a colony since 1493 to present. In 1898, it passed from Spanish to United States dominion. From 1900-1917 persons born in Puerto Rico were United States nationals, owing allegiance to the American Empire. From 1917-1940 such individuals became statutory United States citizens. From 1940 to present those born in the territory are birthright citizens. Not once during the 122-year colonial relationship between Puerto Rico and United States has a United States citizen in the territory participated in a federal election, save for a non-voting delegate to Congress. However, just as in British colonial

---

[1] This ruling in no manner should be interpreted as precluding any possible constitutional remedy individual United States citizens in Puerto Rico may have.

**Civil No. 18-1045 (GAG)**

times these colonial United States "subjects" have historically been exposed to an anti-democratic fallacy, within the very confines of the greatest bastion of Democracy history has known: the Republic of the United States of America. As such, the Commonwealth of Puerto Rico, and in turn, the millions of United States citizens living therein, liveth not under the fundamental postulate of consent of the governed, thus being subject to the benevolent "Grace" of Congress time after time. Indeed, the Federal Government may have responded in a paternalistically responsible manner towards its colonial citizens during the back-to-back local and now world-wide catastrophes in regard to Medicaid funds. However, what is ultimately at stake goes well beyond that.

**SO ORDERED.**

In San Juan, Puerto Rico this 30th of March, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
Chief United States District Judge